IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Michael M. RAJEK, Attorney at Law.

Supreme Court

*No. 92–0915–D. Filed May 20, 1993.*

(Also reported in 499 N.W.2d 671.)

PER CURIAM.    *Attorney disciplinary proceeding; proceeding dismissed.*

We review the referee's report in which she concluded that the conduct of Attorney Michael M. Rajek considered in this proceeding did not violate the Rules of Professional Conduct for Attorneys. We adopt those conclusions and accept the referee's recommendation that the disciplinary proceeding be dismissed.

Attorney Rajek was admitted to practice law in Wisconsin in 1974 and practices in Eau Claire. He pre-

viously has not been the subject of a disciplinary proceeding.

Following a disciplinary hearing, the referee, Attorney Janet Jenkins, made the following findings of fact in respect to two matters. In the first of those, a man retained Attorney Rajek in December, 1988 in a matter concerning syringes sold to the client that proved to be inappropriate for administering medication to control the seizures of the client's two-year-old child. As a consequence, the client was unable to give the child the medication on one occasion, with the result that the seizure continued for several hours. Thereafter, the child continued to experience seizures with approximately the same frequency as prior to that incident.

The client and Attorney Rajek entered into a written contingent fee agreement and the client provided medical authorizations and the remaining syringes. The client gave Attorney Rajek no specific instructions regarding what he wanted done in the matter, leaving it to Attorney Rajek to determine the course of action to be taken. The referee found that the client never directed Attorney Rajek to hire an expert witness or to commence legal action.

The referee further found that Attorney Rajek had been acquainted with the client and knew that he had filed an action with the assistance of other counsel seeking damages sustained by his child at birth, which action was dismissed. Attorney Rajek knew the client had incurred thousands of dollars in disbursements in that action and did not want to be in a similar situation in this matter. Moreover, Attorney Rajek believed the client's claim in the syringe matter had no potential for a large damage award, as the child's medical condition had not changed significantly as a result of the inap-

propriate syringes. Additionally, the statute of limitations on that claim would not run for more than 10 years. Accordingly, Attorney Rajek concluded that there was no reason to incur substantial costs on the client's behalf unless or until the child's condition worsened.

During the following year, Attorney Rajek did not do any substantial work on the client's claim: he did not obtain medical records, hire an expert or commence legal action. He did, however, discuss the claim with the client informally when he met him on the street. The client made an appointment to meet Attorney Rajek at his home in December, 1989 regarding the claim. The appointment had to be rescheduled but Attorney Rajek had gone on vacation and was not available on the rescheduled date. The client then repeatedly attempted to contact him over the next six working days but Attorney Rajek neither spoke with his client nor returned his calls. On the seventh day, the client told Attorney Rajek's secretary that if Attorney Rajek did not return his call, he would report him to the Board of Attorneys Professional Responsibility (Board), which the client then did.

During the course of the Board's investigation of the client's grievance, Attorney Rajek dictated a letter to the Board dated June 1, 1990 saying that he had returned the syringes to his client the preceding day. That statement anticipated Attorney Rajek's being able to deliver the syringes to the client at his home on May 31, 1990, which he was unable to do because of the client's absence. Consequently, the letter misstated the fact of the return of the syringes.

Based on these facts, the referee concluded that, given the slight change in the child's medical condition after it was discovered that the syringes were the

wrong type for the purpose intended, the length of the statute of limitations and the client's unwillingness to spend substantial sums for disbursements on a relatively small claim, Attorney Rajek did not fail to act with reasonable diligence and promptness in representing the client by failing to obtain medical records, contact expert witnesses and file a lawsuit for over one year, in violation of SCR 20:1.3,[1] as the Board had alleged. The referee further concluded that he did not violate SCR 20:1.16(d)[2] by failing to return the file and evidentiary materials to the client, as the client never requested that he cease his representation. Finally, Attorney Rajek's incorrect statement to the Board that he had returned the syringes on May 31, 1990 was an inadvertent misrepresentation amounting to merely a mistake, not a violation of SCR 22.07(2) and (3).[3]

---

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.16 provides:

**Declining or terminating representation**
. . .
(d)  Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[3] SCR 22.07 provides:

**Investigation.**
. . .
(2)  During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical

In the second matter, Attorney Rajek was retained by a man in June, 1989, to represent his son, who had been charged with underage drinking (second offense), whose agreement with the district attorney for disposition had been rejected by the circuit judge and who, if convicted, would lose his driver's license. Later the same day, the prosecutor called the client to tell him he knew that a new judge might be assigned to the case and it would be likely that the plea agreement would be accepted.

Soon thereafter, the client called Attorney Rajek's office and told his secretary that he probably did not need Attorney Rajek's services any longer and asked about the $500 retainer he had paid. When the secretary told him that retainers were not usually refundable, the client responded that, as it was not certain a new judge would be assigned to the case, Attorney Rajek should continue to represent his son. Attorney Rajek obtained an adjournment of the scheduled trial date, expecting that if an adjournment were granted, the matter would be assigned to a different judge, with the likelihood that the new judge would approve an agreement by which the son would not lose

incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3)   The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

his driver's license. The trial date was adjourned and the matter was assigned to a new judge.

Attorney Rajek negotiated with the prosecutor for a deferred prosecution agreement, reviewed police reports regarding the son's arrest, participated in a telephone conference with the judge and the prosecutor and reviewed a deferred prosecution agreement drafted by the prosecutor. The prosecutor told Attorney Rajek he would have to be present on the trial date and Attorney Rajek then told his client to have his son call him on the morning of the trial date to learn whether he needed to be present also. He then sought to have the matter handled by telephone on the date of trial and the prosecutor told him the judge would call him early that morning and let him know.

On the morning of the day set for trial, the client's son telephoned Attorney Rajek's office but Attorney Rajek had not yet arrived. The client then telephoned the office to say he would be going with his son to the court. At the courthouse, after the client, his son and the prosecutor reviewed the deferred prosecution agreement, the judge asked whether the son wanted to proceed without his attorney, stating that she would adjourn the matter if he wanted to have Attorney Rajek present. When the son said he wished to proceed without Attorney Rajek, the judge approved the agreement.

The client then went to Attorney Rajek's office, where he expressed his displeasure that he was not present in court. Attorney Rajek told him he should have telephoned to tell him that he and his son did not need to be in court that morning and that he expected the judge to telephone him and the matter would be taken care of. The client also brought up the matter of the retainer, a part of which he believed he was entitled to have refunded because of Attorney Rajek's failure to

appear in court. Attorney Rajek did not respond. The client then filed a grievance with the Board, claiming he was entitled to at least $400 of the retainer.

In his response to the grievance, Attorney Rajek told the Board he would refund $400 to the client to "close the matter." Although the client was willing to accept the $400 and conclude the matter, the Board stated that its investigation of the client's grievance would continue. Consequently, Attorney Rajek chose not to return any portion of the retainer, as it would not dispose of the client's grievance, but he ultimately refunded $400 to the client after being advised to do so by the district professional responsibility committee, to which the disciplinary matter had been referred.

In respect to this matter, the referee concluded that Attorney Rajek did not fail to act with reasonable diligence in representing the client's son, in violation of SCR 20:1.3, as the Board had alleged. The referee based that conclusion on the fact that the result obtained for the son was precisely the result the client desired and that it was not clear that such result could have been obtained without Attorney Rajek's assistance; with his assistance, however, it was. The referee further concluded that Attorney Rajek did not fail to refund an advance payment that had not been earned, in violation of SCR 20:1.5[4] and 1.16(d), as the entire retainer was earned by the amount of time Attorney

---

[4] SCR 20:1.5 provides:

**Fees**
(a)  A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
. . .
(3)  the fee customarily charged in the locality for similar legal services;
(4)  the amount involved and the results obtained; . . .

Rajek spent on the matter and the result he accomplished for the client.

On the basis of those findings of fact and conclusions of law, the referee recommended that the Board's complaint against Attorney Rajek be dismissed. The Board did not appeal. While the court is concerned that Attorney Rajek was remiss in his duty to respond to his clients' telephone calls and give them information about the work he was doing on their behalf, we adopt the referee's conclusions that his conduct in these matters did not reach the level of a violation of the applicable rules of attorney conduct.

IT IS ORDERED that the disciplinary proceeding is dismissed.